IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DAVID B. CLINKSCALE,

    Petitioner,

v.

WARDEN, LEBANON CORRECTIONAL
INSTITUTION,

    Respondent.

CASE NO. 2:13-CV-01111
CHIEF JUDGE EDMUND A. SARGUS, JR.
MAGISTRATE JUDGE KEMP

## OPINION AND ORDER

On November 17, 2014, the Magistrate Judge issued a *Report and Recommendation* recommending that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed and that Petitioner's request for discovery and an evidentiary hearing be denied. ECF 14. Petitioner has filed an *Objection* to the Magistrate Judge's *Report and Recommendation*. ECF 21. Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection*, ECF 21, is **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**. Petitioner's request for discovery and an evidentiary hearing are **DENIED**.

This case involves Petitioner's convictions after his third jury trial on charges of aggravated murder, attempted aggravated murder, aggravated burglary, aggravated robbery, and kidnapping, with specifications, and resulting sentence of forty-eight years to life imprisonment. In these habeas corpus proceedings, Petitioner asserts that he was

1

denied due process due to the denial of his request for funds to hire a private investigator (claim one); denied the effective assistance of counsel (claims two and three); denied his right to confront the witnesses against him (claim four); and that the evidence is insufficient to sustain his convictions. The Magistrate Judge recommended dismissal of claims one, two and four on the merits and claim three as procedurally defaulted. Petitioner objects to those recommendations.

Petitioner asserts that the Court improperly relied on *Mason v. Mitchell*, 320 F.3d 604 (6th Cir. 2003), in recommending the dismissal of his claim that he was denied due process based on the trial court's denial of his request for public funds to hire an investigator to attempt to locate an alibi witness. Petitioner contends that *Mason* is distinguishable from this case, because Mason had already been provided public funds with which to hire an investigator and sought additional funds to hire various defense experts.[1] *Objection*, ECF 21, PageID# 2135-36. Here, however, Petitioner seeks relief based on the trial court's denial of his pre-trial request for funds to hire an investigator for assistance in locating a witness who would have provided critical information in support of his alibi defense. Petitioner complains that the state appellate court improperly denied this claim, at least in part, because it had granted his request in two prior trials. PageID# 2136.

In order to obtain relief under 28 U.S.C. § 2254, Petitioner must establish that the appellate court's decision denying his claim contravened or unreasonably applied

---

[1] Mason requested the appointment of a soil and debris expert; a shoe print expert; a mitigation-investigation expert; and a forensic mental health expert for assistance at sentencing. *Mason*, 320 F.3d at 615.

federal law, as determined by the United States Supreme Court, or resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d). This Court is not persuaded that Petitioner has met this standard here.

Petitioner argues that relief is warranted under *Ake v. Oklahoma*, 470 U.S. 68 (1985), in which the Supreme Court held that where a defendant made a preliminary showing that his sanity at the time of the offense would likely be a "significant factor at trial," due process requires the state to provide the defendant access to a psychiatrist's assistance on the issue if he could not otherwise afford one. *Ake*, 470 U.S. at 74. The holding in *Ake* has been extended to apply to an indigent defendant's request for public funds in other respects "so long as the defendant shows that they are a basic tool necessary to an adequate defense" *United States v. Rodriguez-Felix*, 450 F.3d 1117, 1127 (10th Cir. 2006). Examples include

> *Medina v. California*, 505 U.S. 437, 444-45, 112 S.Ct. 2572, 120 L.Ed.2d 353 (1992) (noting that *Ake* "can be understood as an expansion of earlier due process cases holding that an indigent criminal defendant is entitled to the minimum assistance necessary to assure him a fair opportunity to present his defense and to participate meaningfully in the judicial proceeding") (internal marks omitted); see, e.g., *Rojem v. Gibson*, 245 F.3d 1130, 1139 (10th Cir. 2001) (finding defendant failed to make a sufficient showing to appoint an investigator); *Moore v. Johnson*, 225 F.3d 495, 503 (5th Cir. 2000) (finding defendant failed to make a sufficient showing to appoint either a jury-selection expert or a mitigation expert); *Castro v. Ward*, 138 F.3d 810, 826 (10th Cir. 1998) (finding defendant failed to make a sufficient showing to appoint an investigator); *Matthews v. Price*, 83 F.3d 328, 335 (10th Cir.1996) (same); *Terry v. Rees*, 985 F.2d 283, 284 (6th

>>Cir. 1993) (finding that defendant was denied due process when he was not appointed an independent pathologist to rebut evidence of victim's cause of death); *Little v. Armontrout*, 835 F.2d 1240, 1243-45 (8th Cir. 1987) (finding reversible error where the trial court failed to appoint an expert on hypnosis to rebut an eyewitness's hypnotically-induced identification); cf. *Aguilar v. Dretke*, 428 F.3d 526, 534 (5th Cir. 2005) (finding no due process violation for failure to appoint a ballistics expert since the evidence was neither critical to the conviction nor subject to varying expert opinion).

*Id.* At least some federal courts, however, have declined to apply interpret *Ake* in this manner, reasoning as follows:

>>While the *Ake* Court invoked broad-based principles of fairness, its holding is expressly limited to circumstances in which a criminal defendant makes "a preliminary showing that his sanity at the time of the offense is likely to be a significant factor at trial." The limited nature of the *Ake* Court's holding is further supported by the fact that less than four months after deciding *Ake*, the Court declined to extend its *Ake* holding to the appointment of a criminal investigator, fingerprint expert, or ballistics expert and declined to address the question of "what if any showing would [entitle] a defendant to [private non-psychiatric] assistance" as a matter of federal constitutional law. *Caldwell v. Mississippi*, 472 U.S. 320, 323 n. 1, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985). Other courts have subsequently recognized that the Supreme Court has not extended the holding in *Ake* to cover the provision of investigators or other non-psychiatric experts. *See, e.g., Hawkins v. Mullin*, 291 F.3d 658, 671 n. 6 (10th Cir. 2002); *Weeks v. Angelone*, 176 F.3d 249, 264–65 (4th Cir. 1999).

*Widner v. Berghuis*, 2012 WL 7070448, at *11 (W.D. Mich. Aug. 1, 2012)(The Supreme Court has not extended *Ake* to require courts to appoint or provide funding to secure non-psychiatric assistance, and thus a petitioner cannot show that the failure to grant a

request for funds to hire an investigator contravenes or unreasonably applies clearly established Supreme Court authority).

> Some federal circuit courts have acknowledged that the Supreme Court has not explicitly extended *Ake* to non-psychiatric experts. *See, e.g., Conklin v. Schofield*, 366 F.3d 1191, 1206 (11th Cir. 2004) ("[T]he Supreme Court has not yet extended *Ake* to non-psychiatric experts."), cert. denied, 544 U.S. 952, 125 S.Ct. 1703, 161 L.Ed.2d 531 (2005); *Hawkins*, 291 F.3d at 671 (The Supreme Court has not "specifically" extended *Ake* to investigators and other experts). Therefore, it is an open question whether the holding in *Ake* applies to requests for non-psychiatric experts. *See Briseno v. Cockrell*, 274 F.3d 204, 208–10 (5th Cir. 2001) (recognizing that it remains an unsettled question whether the holding in *Ake* applies to requests for expert assistance outside the field of psychiatry). Because the Supreme Court has not explicitly extended *Ake* to require the appointment of non-psychiatric experts, Petitioner cannot show that the failure to provide funds for an arson expert was contrary to, or an unreasonable application of, clearly established Supreme Court precedent.

*Babick v. Berghuis*, No. 1:03-cv-20, 2008 WL 282166, at *41 (W.D. Mich. Jan. 29, 2008).

Assuming that *Ake* applies, this Court is not persuaded that Petitioner is entitled to relief. The Supreme Court did not hold in *Ake* "that a State must purchase for the indigent defendant all the assistance that his wealthier counterpart might buy," *id.* at 77 (citing *Ross v. Moffitt*, 417 U.S. 600 (1974), but only that an indigent defendant be provided the "basic tools of an adequate defense or appeal[.]" *Id.* (quoting *Britt v. North Carolina*, 404 U.S. 226, 227 (1971)). Petitioner failed to indicate, at the time of the filing of his motion, the necessity for his request, as *Ake* requires. *See* ECF 8-1, *Exhibit 11 to Return of Writ*, PageID# 161; *State v. Clinkscale*, No. 10AP-1123, 2011 WL 6202436, at *6 (Ohio App. 10th Dist. Dec13, 2011); *Ake*, at 82-83 (the defendant must "make an ex parte

5

threshold showing to the trial court that his sanity is likely to be a significant factor in his defense[.]" He must demonstrate "to the trial judge that his sanity at the time of the offense is to be a significant factor at trial[.]")  Instead, Petitioner made only a generalized statement that there were several witnesses that needed to be interviewed and likely would be called at trial, and that the funds sought were necessary to obtain the effective assistance of counsel.  Because he failed to provide any particularized showing of need to hire an investigator or reasonableness of his request, this Court is not persuaded that he has established that the state court contravened or unreasonably applied *Ake* in denying his request. *See, e.g., Franklin v. Anderson*, 267 F.Supp.768, 782 (S.D. Ohio 2003)(no denial of due process where the defendant offered "little more than undeveloped assertions that the requested assistance would be beneficial")(citing *Ake*, 470 U.S. at 82-83); *Miller v. Bell*, 655 F.Supp.2d 838, (E.D.Tenn. Sept. 10, 2009)("*Ake* is triggered only where a defendant makes a threshold showing that his mental condition is 'seriously in question.' This showing is made by supplying particular facts demonstrating the necessity of a psychiatrist, not just by making general allegations of need"); *Widner v. Berghuis*, No. 1:10-cv-1035, 2012 WL 7070448, at *11 (W.D. Mich. Aug. 1, 2012)("[T]he government's obligation to provide a criminal defendant with certain 'basic tools' is implicated only where the defendant first makes a 'preliminary showing' that such tools are reasonably necessary")(citing *Caldwell*, 472 U.S. at 323 n. 1 (where the petitioner "offered little more than undeveloped assertions that the requested assistance would be beneficial, we find no deprivation of due process in the trial judge's decision"

to deny the defendant's request for expert assistance).   Petitioner's objections to claim one therefore are not well taken.

Petitioner also objects to the Magistrate Judge's recommendation of dismissal on the merits of his claim that he was denied effective assistance of counsel based on his attorney's failure to locate and call as an alibi witness, Bryan Fortner, to testify at trial. However, the record reflects that defense counsel attempted, without success, to locate Fortner.  The record is without any evidence that defense counsel could have employed any reasonable means by which to ascertain the whereabouts of Fortner during the time at issue.   Thus, Petitioner has failed to meet the two-prong test of *Strickland v. Washington*, 466 U.S. 668 (1984).

Petitioner claims that the Magistrate Judge improperly recommended dismissal of his claim that he was denied effective assistance counsel based on his attorney's failure to timely present to the trial court the reasons he needed public funds to hire an investigator on the basis of procedural default.  Petitioner again argues that he fairly presented this claim to the state courts within the prior claim of ineffective assistance of counsel set forth above.  He argues further that the record shows he was prejudiced by counsel's failure.  For the reasons detailed in the Magistrate Judge's *Report and Recommendation*, this Court does not agree.  The objection is OVERRULED.

Finally, Petitioner objects to the Magistrate Judge's recommendation of dismissal on the merits of his claim that that the trial court denied him the right to confront witnesses against him in regard to his cross examination of Rhonda Clark (now Rhonda

Parker), and his claim that the evidence is constitutionally insufficient to sustain his convictions under the standard set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). Petitioner raises the same arguments he previously presented in support.  Upon review of the record and for the reasons already well detailed in the Magistrate Judge's *Report and Recommendation*, the Court does not find Petitioner's arguments to be persuasive.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review.  For the foregoing reasons and for the reasons discussed in the Magistrate Judge's *Report and Recommendation*, Petitioner's *Objection*, ECF 21, is **OVERRULED** and the Magistrate Judge's *Report and Recommendation*, ECF 14, is **ADOPTED** and **AFFIRMED**.  This action is hereby **DISMISSED**.  Petitioner's request for discovery and an evidentiary hearing are **DENIED**.

**IT IS SO ORDERED.**

3-11-2015
DATE

EDMUND A. SARGUS, JR.
**Chief United States District Judge**